[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 23-11337

Non-Argument Calendar

————————————————

ANDREW HORACE,

Plaintiff-Appellant,

*versus*

MD NOW MEDICAL CENTERS, INC.,

Defendant-Appellee.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:22-cv-81965-DMM

————————————————

Before WILSON, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Andrew Horace, proceeding *pro se*, appeals the district court's order dismissing his third amended complaint against MD Now Medical Centers, Inc. ("MD Now"), under Federal Rule of Civil Procedure 12(b)(6). On appeal, Horace argues that (1) the district court erred when it excluded evidence of his medical records and expert witness statements and (2) the court failed to apply the correct law. For the following reasons, we affirm.

## I.    BACKGROUND[1]

Horace initiated this case against MD Now in Florida state court on March 22, 2022. Attached to this initial complaint is what appears to be a medical provider's note following Horace's visit for a "[c]ontusion of nose." Horace subsequently amended his complaint several times.

In his third amended complaint, filed on November 21, 2022, Horace alleged the following facts. On March 5, 2022, Horace went to MD Now, an "Urgent Care" operator, to have a PCR COVID test done. Jaylen Williams, an MD Now employee, met Horace in the lobby and appeared dissatisfied and had "poor body demeanor."

---

[1] Because we are reviewing a dismissal under Rule 12(b)(6), we take the factual allegations in Horace's complaint as true and construe them in the light most favorable to Horace as the plaintiff. *Timson v. Sampson*, 518 F.3d 870, 872 (11th Cir. 2008).

Williams gave Horace an uncomfortable feeling, but Horace decided to go to the medical room with Williams. Williams asked Horace to sit at the edge of his chair and tilt his head back, at which time Williams "forcefully inserted the swab in [his] left nostril in a stabbing action." Horace moved his body back, and his eyes began to water. Williams then told Horace that the doctor would see him shortly. Dr. Rami T. Mansour then entered the room. Horace told Dr. Mansour what happened, but Dr. Mansour did not show him compassion. Horace then reported what happened to the front desk and returned to the center to complain to the manager. According to Horace, he filed a complaint with the U.S. Department of Health and Human Services Office for Civil Rights on March 9, 2022, which issued a closure letter to MD Now to share with its staff as part of an ongoing training to be in compliance with applicable nondiscrimination laws.

Horace alleged that MD Now "must abide by Federal Civil Rights laws," but did not do so. According to Horace, Kathy Vaughn assured him that Williams was no longer employed by MD Now following his complaint. Horace alleged that Williams's conduct towards him was "[u]nequivocally discriminatory." He cited Article 25 of the United Nations Universal Declaration of Human Rights, which lists medical care as a human right, and claimed that Williams violated that right.

Horace alleged two claims against MD Now. First, he alleged that MD Now violated Title VII of the Civil Rights Act of 1964 by discriminating against him on the basis of sexual

orientation.  Horace claimed that: his sexual orientation was "not consistent with [MD Now's] perception of acceptable gender roles"; that his voice was "high pitched" and he appeared "well groomed" on the day of the alleged incident; that Williams immediately categorized him as gay when he met him based on his appearance; and that Williams caused him intentional harm because of his sexual orientation.  Second, he alleged that MD Now violated his due process rights under the Fifth Amendment when MD Now subjected him to a discriminatory environment, intentionally inflicted him harm because of his sexual orientation, and did not provide the required standard of care.  Horace did not attach any medical records or expert witness statements to his third amended complaint.

MD Now removed the case to federal court.  Then, MD Now moved to dismiss Horace's third amended complaint.  MD Now argued that there were no facts alleged that showed that Williams knew of Horace's sexual orientation, or acted thereupon, beyond a speculative level.  MD Now also argued that there were no objective facts showing that Horace's sexual orientation played a role during Williams's nasal swab.  As to the Title VII claim, MD Now contended that Horace failed to state a claim because Title VII only prohibits unlawful employment practices and noted that Horace was not its employee or applicant.  As to the Fifth Amendment claim, MD Now argued that the claim failed because the Fifth Amendment does not apply to private actors such as itself.  Horace opposed MD Now's motion.

The district court granted MD Now's motion to dismiss. As to the Title VII claim, the court concluded that Horace could not avail himself of Title VII given that he did not allege to be MD Now's employee. As to the Fifth Amendment claim, the court found that the claim failed because the Fifth Amendment restricts government actions and MD Now is a private institution. And even construed broadly under another federal law, the district court found his claims of discrimination were too speculative to survive dismissal. The court found that any further amendments would be futile. Accordingly, the district court dismissed Horace's third amended complaint with prejudice.

Horace then appealed and attached to his notice of appeal a receipt of payment to an urgent care center for "[n]asal swelling" and the medical provider's note following his visit for "[c]ontusion of nose" that was attached to his initial complaint.

## II.    ANALYSIS

We review *de novo* a district court's ruling on a Rule 12(b)(6) motion to dismiss, "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Timson v. Sampson*, 518 F.3d 870, 872 (11th Cir. 2008). To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege sufficient facts to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

While we hold *pro se* pleadings to a less stringent standard than pleadings drafted by attorneys and thus liberally construe *pro se* pleadings, we will not "serve as *de facto* counsel for a party" or

"rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998)). Additionally, issues not clearly raised by a *pro se* litigant are deemed abandoned. *Timson*, 518 F.3d at 874. A claim is abandoned on appeal when it is made in passing or raised in a perfunctory manner without supporting arguments or authority. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014). Further, an issue that was not raised in the district court and is raised for the first time on appeal is considered forfeited, and we will not address it absent extraordinary circumstances. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331–32 (11th Cir. 2004) (noting that we may exercise our discretion to consider a forfeited issue when: (1) the issue involves a pure question of law and refusal to consider it would result in a miscarriage of justice; (2) the party lacked an opportunity to raise the issue at the district court level; (3) the interest of substantial justice is at stake; (4) the proper resolution is beyond any doubt; or (5) the issue presents significant questions of general impact or of great public concern).

Here, Horace has forfeited his argument that the district court erred when it did not consider his medical records and expert witness statements because he did not raise this argument to the district court nor demonstrates on appeal that any of the *Access Now* exceptions to forfeiture apply. *See id.* Further, Horace has abandoned his argument that the court failed to apply the correct law by making only passing reference to this argument in his initial brief. *Sapuppo*, 739 F.3d at 681; *Timson*, 518 F.3d at 874. Indeed,

23-11337          Opinion of the Court          7

Horace does not explain how the district court failed to apply the correct law, state what the correct law is, or describe how any evidence would demonstrate that he pled a plausible claim for relief under Title VII or the Fifth Amendment.

Accordingly, we affirm the district court's dismissal order.

**AFFIRMED.**